IRIS ROSA FOURNIER HERNÁNDEZ, ETC., Appellant, *v.* THE REGISTRAR OF PROPERTY OF RÍO PIEDRAS, Respondent.

No. 1333. Submitted January 3, 1957.—Decided January 22, 1957.

---

*E. Martínez Rivera* for appellant. The Registrar appeared by brief.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

In a suit against Ramón Antonio Fournier, the petitioner prayed for the attachment of property of the defendant to secure the effectiveness of the judgment. The Superior Court ordered the attachment after bond was posted, and the secretary issued the following order referring to two rural properties, property 2365 recorded at folio 130, vol. 48 of Carolina, and property 1065 recorded at folio 117, vol. 25 of Carolina.

"You, the Registrar of Property of Río Piedras, are hereby ordered to record an attachment on behalf of plaintiff Iris Rosa Fournier Hernández, in the Registry in your custody, of any title, right, interest, or share which defendant Ramón Antonio Fournier has or may have in the real property above described, in order to secure the effectiveness of the judgment that might be rendered for plaintiff, up to the sum of fifty

thousand dollars ($50,000), of which property A shall answer for the sum of $40,000, and property B for $10,000."

On November 16, 1950, the Registrar of Property of Río Piedras refused to record the attachment by virtue of the following note:

"Record of the attachment is hereby denied on the ground that the properties are recorded in favor of the Fournier-Sampedro spouses, who are not the defendant, and instead a cautionary notice of 120 days is entered, pursuant to law, in favor of Iris Rosa Fournier Hernández, at folios 133 and 230, volumes 48 and 33 of Carolina, properties Nos. 2365 and 1065, entries 'A,' with the curable defect that the personal circumstances of defendant are not stated. Property No. 2365, because of its origin, is subject to a $500 mortgage in favor of E. Le Verne Wood, and to a notice of *lis pendens* in favor of Avice Borda; and both properties are subject to a notice of *lis pendens* in favor of Carmen Carrión. Río Piedras, November 16, 1950."

■ It was not until four and a half years later, *i. e.*, August 2, 1955, that the Registrar notified the person who presented the document of his note of refusal. Petitioner appealed within the twenty-day period granted by law. Therefore, she is entitled to a review of the registrar's decision notwithstanding the fact that the 120-day cautionary notice entered by the Registrar has expired by operation of law, and independently also of the expiration of the period for seeking the cancellation, by prescription, of the right which would have guaranteed the entry of the attachment, if the record had been made instead of denied. See *Rodríguez* v. *Registrar*, 62 P.R.R. 378 (1943).

■ It not appearing from the Registry that the properties described in the writ of attachment belonged to Ramón Antonio Fournier on the date the entry of the attachment was requested, or that the said Ramón Antonio Fournier had any real right to those properties, and it appearing that they are recorded in the name of different persons, it is

obvious that the Registrar's note must be affirmed pursuant to the provisions of § 20 of the Mortgage Law (30 L.P.R.A. § 45) and art. 92 of the Mortgage Law Regulations (30 L.P.R.A. § 972). In other words, the general rule that, where property or rights sought to be attached appear recorded in the Registry, the entry is properly refused if the record owner is a person other than the debtor. See *Mariño* v. *Registrar*, 40 P.R.R. 408 (1930); *Hernáiz Targa & Co., Sucrs.* v. *Registrar*, 43 P.R.R. 65 (1932); *Román* v. *Registrar*, 59 P.R.R. 449 (1941); *Cf. Rivera* v. *Registrar*, 73 P.R.R. 669 (1952).[1]

■■ The Mortgage Law and the Regulations in force in Spain on this matter are different from those in force in Puerto Rico. *Cf.* art. 166 of the Spanish Mortgage Law Regulations, Medina y Marañón, *Leyes Civiles de España*, p. 197. Still, the Spanish law does not permit the entry of an attachment to collect personal debts of an heir of the record owner, unless the writ of attachment recites the circumstances of the will or of the declaration of heirs. See 3 Roca Sastre, *Derecho Hipotecario* 483–94. On the other hand, the rule established by the Puerto Rican authorities that the record of an attachment in an action against a succession will lie, even if the attached property is still recorded in the predecessor's name, plays no role in the case at bar. See *Banco Com. de P. R.* v. *Registrar of S. J.*,

---

[1] It is to be noted, also, that art. 126 of the Mortgage Law Regulations provides: "If the cautionary notice shall be requested after the death of the possessor of the estate or right against which it is to be entered, and before its record in favor of the person succeeding him to said estate or right, the date of the death, that of the will, if there should be any, the name of the notary before whom it was made, and that of the heir shall be stated, and if none shall have been designated, a statement to the effect that judicial proceedings have been instituted for the declaration of heirs; and if the declaration shall have been made, the names, surnames, and residence of the heirs, and the date of the decree by which they were so declared." 30 L.P.R.A. § 1006.

24 P.R.R. 664 (1917), and *Schlüter* v. *Heirs of Díaz*, 46 P.R.R. 614 (1934). Lastly, only by express provision of art. 92 (2) of the Mortgage Law Regulations (30 L.P.R.A. § 972) shall the attachment be entered *"if the ownership of the property attached should not be a matter of record,"* which fact must be set forth as a curable error. See *Sobrinos de Villamil* v. *Registrar of San Juan*, 32 P.R.R. 502 (1923); *Sucrs. of Armstrong & Sons* v. *Registrar* 34 P.R.R. 258 (1925); *Moscoso Hermanos* v. *Registrar*, 35 D.P.R. 1054 (1926); *López* v. *Martínez Hnos. & Co., S. en C.*, 45 P.R.R. 516, 525–28 (1933).

The decision appealed from is affirmed.

Mr. Justice Marrero did not participate herein.